# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MERLE WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-1241-JTM-GEB** |
| | ) | |
| **JASON JUSTICE and** | ) | |
| **SANDY JUSTICE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on defendant Jason Justice's Motion to Proceed without Prepayment of Fees (ECF No. 3).  Denial of a motion to proceed *in forma pauperis* is a dispositive matter and the magistrate judge should issue a Report and Recommendation for de novo review by the district judge rather than deny outright the defendant's Motion to Proceed without Payment of Fees.[1]  For the reasons set forth below and pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned magistrate judge issues the following Report and Recommendation that the motion (ECF No. 3) be DENIED and the case be remanded on the basis of lack of subject-matter jurisdiction and defects in the removal procedure.

---

[1] *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

I.      **Background**[2]

This is an eviction action brought by landlord Merle White against tenants Jason Justice and Sandy Justice in Sedgwick County District Court.[3]  Jason claims the state court violated his civil rights under 42 U.S.C. § 242 by not properly considering the Justices' monetary and health-related factors in the eviction process, and removed the case to this court.  Although the state action names both Jason and his mother, Sandy, as defendants, only Jason signed the Notice of Removal seemingly on behalf of both Defendants.

From the limited removal documents, the central issues appear to be whether Defendants' rent for the month of June 2016 was paid, and whether the subsequent eviction was properly noticed.[4]  Defendants claim they were able to pay rent, but were withholding until disputes about defects with the premises were resolved.  Regardless, the state court found Defendants to be in default and issued a writ of forcible detainer.  However, the state court also stayed Defendants' removal from the property until June 22, 2016.[5]  Jason filed the Notice of Removal on June 23, 2016 (ECF No. 1).

---

[2] The background section is compiled from defendant Jason Justice's Notice of Removal and attached documents (ECF No. 1), and should not be considered as judicial findings or factual determinations.

[3] *White v. Justice*, No. 2016-LM-007894-RU (Dist. Ct. Sedgwick Co., Kan., June 20, 2016).

[4] Notice of Removal, ECF No. 1, Exs. 1-5.

[5] Journal Entry of Judgment, *White v. Justice*, No. 2016-LM-007894-RU (Dist. Ct. Sedgwick Co., Kan., June 20, 2016) (attached to Notice of Removal, ECF No. 1, Ex. 2).

## II.    Recommendation of denial of *In Forma Pauperis* Status

In conjunction with the removal, Jason filed a Motion to Proceed without Prepayment of Fees (ECF No. 3).  Under 28 U.S.C. § 1915, a federal court *may* authorize the commencement of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means.[6]  However, when considering such an application, the decision whether to grant or deny *in forma pauperis* status lies within the sound discretion of the Court.[7]

Jason's financial affidavit is unclear regarding his household income.  For example, he lists only that Sandy Justice receives Social Security income, but the amount is "unknown."  It appears both defendants live in the same household.  But without an affidavit from Sandy and clarification regarding Jason's income, the Court does not possess enough information on which it may base a conclusion on their combined household income or whether Sandy could pay the filing fee even if Jason cannot.  Although these issues may be cured with additional filings from the defendants, such effort seems futile in light of the recommendation below to remand the case.  Therefore, the Court **recommends denial** of Jason Justice's application to proceed without the prepayment of fees (ECF No. 3).

---

[6] *Baldwin v. City of Osawatomie, Kan.*, No. 07-1097-WEB, 2007 WL 1652145, at *1 (D. Kan. 2007).

[7] *Id.* (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. 1999)).

### III.     Recommendation of Remand

#### A.     Defects in Removal Procedure

As an initial concern, Jason has not properly removed the case from state court. Under 28 U.S.C. § 1447(c), a defect in removal procedure is grounds for remand.  One type of defect arises under 28 U.S.C. § 1446(b)(2)(A), which requires "all defendants who have been properly joined and served" in the state action to "join in or consent to the removal to federal court."  This requirement means every defendant must support the removal in writing within 30 days after service of the initial pleading on that defendant; one defendant's attempt to speak on behalf of the other will not suffice to effect removal.[8] Here, since only Jason filed the removal and Sandy has not filed a notice of consent within the 30-day period, the removal petition is procedurally defective under 28 U.S.C. § 1446(b)(2)(A) and must be remanded.

#### B.     Lack of Subject-Matter Jurisdiction

Notwithstanding the defect in removal procedure, this Court also lacks subject-matter jurisdiction over Defendant's claim.  Federal courts are of limited jurisdiction and must have subject-matter jurisdiction to hear a case.[9]  The party invoking federal jurisdiction has the burden to allege facts demonstrating the presence of subject-matter jurisdiction.[10]  However, courts also have an independent obligation to determine whether

---

[8] *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (10th Cir. 1997).
[9] *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).
[10] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

jurisdiction exists.[11]  In a removal case, when the Court concludes it lacks subject-matter jurisdiction, it must remand the case under 28 U.S.C. § 1447(c).

Defendant asserts this Court has subject-matter jurisdiction under 42 U.S.C. § 242. Because Defendant proceeds on a pro se basis, his pleadings must be liberally construed.[12]  However, 42 U.S.C. § 242 deals with prosecution for drug crimes, not the deprivation of civil rights claims included in the Notice of Removal.[13]  Even though Defendant could have *intended* to initiate his lawsuit under a host of seemingly applicable statutes, this Court cannot take on the responsibility of serving as Defendant's advocate.[14]  As such, Defendant has not alleged a proper basis for this Court to assume jurisdiction over his claims.

**IT IS THEREFORE RECOMMENDED** that Jason Justice's Motion to Proceed without Prepayment of Fees (ECF No. 3) be denied.

**IT IS FURTHER RECOMMENDED** that the case be remanded for defects in removal procedure under 28 U.S.C. § 1446(b)(2)(A) and lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to defendant Jason Justice by certified mail.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Defendant may file a written objection to the proposed findings

---

[11] *Image Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).
[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[13] Notice of Removal, ECF No, 1.
[14] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011).

and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[15]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 29th day of July 2016.

s/ Gwynne E. Birzer_____
GWYNNE E. BIRZER
United States Magistrate Judge

---

[15] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).